UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALHI TRUCKLINE INC., <br><br> Plaintiff, <br><br> v. <br><br> LOVE LOGISTICS INC., and MANDEEP CHOUHAN, <br><br> Defendants. | Case No. 1:25-cv-00672-KES-HBK <br><br> ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS <br><br> (Doc. No. 25) |

Pending before the Court is the Motion to Withdraw as Counsel for Defendants filed by Dariush G. Adli and Vernon Nelson from the ADLI Law Group, P.C. ("Movants") on August 14, 2025. (Doc. No. 25, "Motion"). Movants submit a Memorandum of Point and Authorities in Support and the Declaration of Dariush G. Adli. (Doc. Nos. 25-1, 25-2). Neither Plaintiff nor Defendant Love Logistics Inc. or Defendant Mandeep Chouhan filed a response to the Motion and the time to do so has expired. The Court deemed this matter suitable for decision without a hearing consistent with Local Rule 230(g). (Doc. No. 27).

Movants seek to withdraw from representation of Defendants because (1) they believe further representation will result in a violation of the California Rules of Professional Conduct; (2) Defendants have rendered it difficult for Movants to represent them effectively; and (3) Defendants have breached material terms of their agreement with Movants. (Doc. No. 25-1 at 4-5). Movants advised Defendants of their intended withdrawal in writing, by email, and in

1  telephone conversations. (Doc. No. 25-2, ¶¶ 12, 13). Movants also served Defendants with a
2  copy of the Motion. (Doc. Nos. 25-1 at 7, 25-2 at 6, 25-4 at 3).

3  Under this Court's Local Rules, "an attorney who has appeared may not withdraw leaving
4  the client *in propria persona* without leave of court." E.D. Ca. Local Rule 182(d). A motion
5  seeking to withdraw must describe counsel's efforts to notify their client of their withdrawal and
6  identify their client's last known address. (*Id.*). Withdrawal is further governed by the Rules of
7  Professional Conduct of the State Bar of California. (*Id.*). *See also Nehad v. Mukasey,* 535 F.3d
8  962, 970 (9th Circ.2008) (applying California Rules of Professional Conduct to attorney
9  withdrawal).

10 Relevant here, California Rules of Professional Conduct Rule 1.16 sets forth various
11 grounds under which an attorney may request permission to withdraw, including:
12 "if the client insists on presenting a claim or defense in litigation . . . that is not warranted under
13 existing law and cannot be supported by good faith . . ." CA ST RPC Rule 1.16(b)(1); or if a
14 client "breaches a material term of an agreement with, or obligation, to the lawyer" and the
15 lawyer has given the client a warning of their withdrawal and opportunity to cure. *Id.*, Rule
16 1.16(b)(5). Finally, counsel may withdraw where "a continuation of the representation is likely to
17 result in a violation of these rules or the State Bar Act…" *Id.*, Rule 1.16(b)(6).

18 The decision to grant or deny a motion to withdraw as counsel is within the court's
19 discretion. *Campbell v. Obayashi Corp.*, 424 F. App'x 657, 658 (9th Cir. 2011); *LaGrand v.*
20 *Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998). Determining whether to grant a withdrawal of
21 counsel "involves a balancing of the equities," requiring the court to consider whether there is
22 good cause for withdrawal, and how withdrawal will impact other litigants and the ultimate
23 resolution of the case. *McClain v. Am. Credit Resol., Inc.*, 2020 WL 8619963, at *2 (E.D. Cal.
24 Apr. 6, 2020). Prejudice is unlikely when a case is at an early stage. *Gong v. City of Alameda,*
25 No. C 03–05495 TEH, 2008 WL 160964, at *1 (N.D.Cal. Jan.8, 2008) *(citing Mandel v. Superior*
26 *Court,* 67 Cal.App.3d 1, 4, 136 Cal.Rptr. 354 (1977)) (holding no prejudice or undue delay to
27 client where counsel provided sufficient notice of its intent to withdraw and where no trial date
28 had been set).

1   Based upon the Declaration of Dariush G. Aldi, the Court finds good cause to grant
2   Movant's motion to withdraw.  Specifically, Mr. Aldi attests that, without violating attorney-
3   client confidentiality, Defendants insist on presenting claims or defenses not supported by
4   existing law (Doc. No. 25-2, ¶ 3), have failed to cooperate in document discovery, failed to pay
5   billing statements, and failed to cooperate and follow advice of counsel on material matters.
6   (Doc. No. 25-2, ¶ 7).  Mr. Aldi further attests to his various efforts to resolve these issues to no
7   avail.  Mr. Aldi's stated reasons fall squarely within the dictates of California Rules of
8   Professional Conduct Rule 1.16.  And the failure to pay attorney fees is deemed a violation of an
9   agreement with or obligation to counsel.  *See j2 Global Commc'ns, Inc. v. Blue Jay, Inc.,* No. C
10  08–4254 PHJ, 2009 WL 464768, at *1 (N.D. Cal. Feb.24, 2009) (holding withdrawal proper
11  where client refused to pay attorney fees despite multiple attempts by counsel to communicate
12  with client and client refused).  Furthermore, Movants provided formal notice to Defendants via
13  email, telephone and service of this Motion, and Defendants did not respond.  Finally, given the
14  procedural posture of this case—removal was on June 3, 2025, there are pending motions to
15  dismiss and to remand, and no trial date has been set—there is no showing that Movant's
16  withdrawal will cause an injustice.  Additionally, Plaintiff does not oppose the Motion.

17      Accordingly, it is ORDERED:

18      1.      Movants' Motion to Withdraw as Counsel (Doc. No. 25) is GRANTED and
19  Attorneys Dariush G. Adli, Vernon Nelson, and ADLI Law Group are relieved as attorneys of
20  record for Defendants Love Logistics Inc. and Mandeep Chouhan.

21      2.      The Clerk shall update the docket to reflect the withdrawal of counsel  for
22  Defendants from the docket.

23      3.      Because corporations may not appear in federal court except by counsel,
24  Defendant Love Logistic Inc. has 30 days to find substitute counsel.  Defendant Mandeep
25  Chouhan may appear pro se if she chooses.  In either event, both Love Logistics Inc. and
26  Mandeep Chouhan shall file substitutions of counsel no later than February 9, 2026.

27      4.      The Clerk of Court is directed to update the docket to reflect that, until substitute
28  counsel for Defendants enters an appearance, all notices for Defendants shall be served at the

following address:

5057 West Brown Avenue

Fresno CA 93722

Cherly@lovelogisticsinc.com

5. The Clerk of Court is directed to mail a copy of this Order to Defendants at the above address.

Dated:   January 9, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE